UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOUGLAS E. GALLAGHER,

           Plaintiff,

   v.

DEPARTMENT OF CORRECTIONS, et al.,

           Defendants.

CASE NO. C16-5088 RBL-KLS

ORDER DENYING MOTION TO COMPEL

Plaintiff Douglas E. Gallagher files a motion to compel discovery and for attorney fees. Dkt. 28. For the reasons stated herein, the motion will be denied.

**BACKGROUND**

Mr. Gallagher is a Washington state inmate who is presently incarcerated at the Clallam Bay Corrections Center (CBCC). In his second amended complaint, Mr. Gallagher alleges that defendants (who are primarily his treating health care providers) violated his Eighth Amendment rights when they failed to have his hernia surgically repaired. Defendants include the Department of Corrections (DOC), and nine current and former employees of DOC, including former DOC Secretary Dan Pacholke. Dkt. 13.

Mr. Gallagher identifies three interrogatories ("ROG") and four requests for production ("RFP") at issue in his motion:

**ROGS**:

7. Please identify and list any and all grievances against Dr. Dale Fetroe, Dr. Steven Hammond, Dan Pacholke, Kevin Bovenkamp, Ron Haynes, and Mike Holthe for the last six years.

8. Please identify and list any and all lawsuits, past and present against Dr. Dale Fetroe, Dr. Steven Hammond, Dan Pacholke, Kevin Bovenkamp, Ron Haynes, and Mike Holthe. This is to include any settlement offers.

9. Please list and identify all of the records for Price v. Morgan et al., U.S.D.C. (W.D. Wash) C13-5028 RJB/KLS.

Dkt. 29, Declaration of Douglas Gallagher, ¶ 7-9, Exh. F, G, and H (Plaintiff's Second Interrogatories and Third Request for Production).

**RFP:**

3. Any and all grievances against all named defendants for the last four years. This is to include level one, two, and three responses to said grievances and all electronic or written documents generated by them.

4. Any and all Civil Complaints, Tort Claims, and lawsuits in the state and federal court against all named defendants. This is to include any and all settlement agreements for the last four years.

5. A list of all offenders who have had surgical repair of their hernias in DOC custody in the state of Washington in the last four years.

6. Please produce the following documents from Price v. Morgan et. al., C13-5028-RJB/KLS; DEFS 00001115 thru 0000641, the same documents that were provided by the Attorney Generals [sic] Office in: Butsch v. DOC et. al., Clallam County Superior Court No. 13-2-01063-4.

Dkt. 29, Declaration of Douglas Gallagher, ¶ 3-6, Exh. B, C, D, and E (Plaintiff's Second Interrogatories and Third Request for Production).

Mr. Gallagher maintains that the foregoing information is "relevant as part of his theory for damages." Dkt. 28, at 4 – 6. Defendants objected to the discovery requests on grounds that they are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. *Id.*

ORDER DENYING MOTION TO COMPEL- 2

**DISCUSSION**

Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) is construed broadly. *Roberts v. Legacy Meridian Park Hosp., Inc.*, 299 F.R.D. 669, 671 (D. Ore. 2014). The Supreme Court interprets Rule 26(b)(1) to "encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Id*. at 672 (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Such a broad scope of discovery, however, must be balanced against the burden or expense of the particular discovery sought, considering its likely benefit, "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Id*. (quoting Fed. R. Civ. P. 26(b)(2)(C)(iii)).

When a party fails to provide requested discovery that falls within the scope of Rule 26(b)(1), Rule 37(a)(1) allows the requesting party—after giving notice to other parties and attempting to confer—to "move for an order compelling disclosure or discovery." *Id*. (quoting Fed. R. Civ. P. 37(a)(1)). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc*., 175 F.R.D. 646, 650 (C.D. Cal. 1997).

**A.     Health-Care Related Grievance of Non-Party Inmates (ROG 7, RFP 3)**

Mr. Gallagher initially requested that defendants identify any and all grievances against the named defendants for the last six years and produce all grievances against the named

1    defendants for the last four years. Dkt. 28, Exhibits F and B. In his motion to compel, Mr.

2    Gallagher asks the Court to compel defendants to produce grievances limited to the denial of or

3    inadequate medical care for the last four years. *Id.*, at 2.

4    Defendants have provided Mr. Gallagher with the grievances he filed and responses to

5    those grievances. Dkt. 31-2, Declaration of Gauri Shrotriya Locker, ¶¶ 2-3. As to other inmate

6    grievances, defendants argue that the discovery requests are unduly burdensome as DOC records

7    are not indexed according to the criteria called for in the discovery request. Dkt. 31-1,

8    Declaration of Dale Caldwell, DOC Statewide Grievance Program Manager, ¶ 7. According to

9    Mr. Caldwell, 90,500 grievances were filed statewide in the last four years (December 8, 2012

10   through December 8, 2016). Of those grievances, 16,504 were health-services related. During

11   the same period, 6,238 grievances were filed at CBCC and 910 of those grievances were health-

12   service related. *Id.* Grievances are not indexed by a staff member but are indexed by inmate and

13   pre-determined assigned specifics. For example, one specific could be to limit a search to

14   health-service related grievances. However, even if such a request was limited to health-service

15   related grievances from the last four years, the review would be overwhelming because each

16   grievance document would require an individual review by DOC staff to determine whether any

17   of the named defendants was listed in the grievance documents. *Id*. For example, if the request

18   were limited to grievances related to health care at CBCC, DOC staff would be required to

19   review documents related to 910 grievances, including all responses and follow-up. *Id.*, ¶ 6-7.

20   Defendants further note that the requests are related to medical and health care

21   information of other individuals who are not parties to this suit. Thus, each page of the

22   grievance documents, including all responses and follow up, would have to be carefully

23   reviewed and redacted in accordance with state and federal privacy laws. *See, e.g.*; 14

24

CFR 45.165 (HIPAA) and RCW 70.02 et.seq. Defendants further argue that the documents sought are not relevant to plaintiff's claims, are inadmissible as hearsay, and are impermissible character evidence under ER 404(b).

In this case, Mr. Gallagher needs to show that defendants were deliberately indifferent to his serious medical needs. Mr. Gallagher states only that this information is relevant to "his theory of damages" but does not explain how information relating to the grievances of other inmates is relevant to show that defendants were deliberately indifferent to *his* medical needs. The facts and circumstances of each inmate's medical condition are different, and therefore, whether or not a particular inmate filed a grievance as to his medical condition is not relevant to this case. Accordingly, Mr. Gallagher's motion to compel further response to ROG 7 and RFP 3 are **denied**.

**B.     Other Lawsuits and Documents from *Price v. Morgan*, C13-5028-RJB/KLS (ROG 8 RFP 4; ROG 9, RFP 6)**

Mr. Gallagher moves the Court to compel defendants to produce copies of all civil complaints, tort claims, and lawsuits (including all settlement agreements and offers) filed against all of the defendants for the last four years. Dkt. 28, at 2. Mr. Gallagher also seeks an order compelling Defendants to produce over 500 pages of documents presumably filed in *Price v. Morgan*, C13-5028-RJB/KLS. *Id.*

Defendants argue that the expense of the proposed discovery far outweighs any conceivable benefit. Mr. Gallagher claims only that these discovery requests are relevant to his theory of damages, but does not articulate how the requests, which are not limited in subject matter or scope, would support his theory. As correctly noted by defendants, the information requested would involve allegations of conduct unrelated to Mr. Gallagher's claims by individuals, many of whom are at other prisons, who have no relation to his case.

1    Mr. Gallagher also fails to articulate how the documents presumably filed in the *Price*

2 case would support his theory of damages.  Documents relating to the health care of a non-party

3 are not relevant to Mr. Gallagher's claims that the defendants in this case violated his Eighth

4 Amendment rights.  Settlement offers and agreements from other lawsuits are also not relevant to

5 the damages Mr. Gallagher has allegedly suffered in this lawsuit.

6    Therefore, Mr. Gallagher's motion to compel further response to ROG 8, ROG 9, RFP 4,

7 and RFP 6 are **denied**.

8 **C.    List of Offenders Who Have Had Surgical Hernia Repair (RFP 5)**

9    In this request for production, Mr. Gallagher asks for a "list" of inmates who have had

10 surgical repair of their hernias while in DOC custody at any DOC prison within the last four

11 years. Dkt. 28, at 6.  Defendants argue that the request is overly burdensome and seeks

12 information that is not relevant to Mr. Gallagher's claims.  The Court agrees.

13    First, the Court notes that defendants are not required to create a document that does not

14 exist.  A party may serve on another party a request to produce any designated documents that

15 are in the responding party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1).   However,

16 a party is not required to prepare new documents solely for their own production. *See, e.g.,*

17 *Alexander v. FBI*, 194 F.R.D. 305, 310 (D.C.Cir.2000) ("Therefore, Rule 34 only requires a party

18 to produce documents that are already in existence.").  This request is also unduly burdensome as

19 it would require defendants to search through medical records from thousands of inmates around

20 the state to compile such a list.

21    Second, the request seeks private and protected health care information of non-parties

22 which information is protected by federal and state health care privacy laws. *See, e.g.*, CFR

23 45.165 (HIPAA) and RCW 70.02 *et.seq*.  Mr. Gallagher fails to articulate how the information

24 related to the health care of non-parties is relevant to his claim that defendants violated his

1 | Eighth Amendment rights.  As previously noted, the facts and circumstances of each inmate's
2 | medical condition are different and are not relevant to this case.
3 |      Accordingly, Mr. Gallagher's motion to compel further response with regard to RFP 5 is
4 | **denied**.
5 |      Accordingly, it is **ORDERED:**
6 |      (1)    Plaintiff's motion to compel and for attorney fees (Dkt. 28) is **DENIED.**
7 |      (2)    The Clerk of Court is directed to send a copy of this Order to plaintiff and to
8 | counsel for defendants.
9 |      Dated this <u>24th</u> day of January, 2017.

Karen L. Strombom
United States Magistrate Judge