UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOUGLAS E. GALLAGHER,

               Plaintiff,

    v.

DEPARTMENT OF CORRECTIONS, et al,

               Defendants.

Case No. 3:16-cv-05088-RBL-TLF

ORDER RECONSIDERING THE PLAINTIFF'S MOTION AND THE COURT'S PREVIOUS ORDER SUA SPONTE, AND GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

This matter previously came before the Court on plaintiff's motion for appointment of counsel. Dkt. 32. This Court denied that motion under the circumstances that existed on January 18, 2017, before the summary judgment stage. Dkt. 34. Having carefully considered the parties' motions for summary judgment and evidence, the Court reconsiders Mr. Gallagher's request for counsel and finds that it should be granted under the present circumstances of this case.

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)

The Court finds based on Mr. Gallagher's application to proceed *in forma pauperis* that he is unable to afford counsel. *See* Dkt. 18; 28 U.S.C. § 1915(e)(1).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved, and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

On the parties' motions for summary judgment, the undersigned recommended a finding that Mr. Gallagher raised a triable issue as to whether the defendants violated his Eighth Amendment right to adequate medical care by failing to treat a worsening hernia or the pain it caused. Dkt. 64. For the reasons set forth in that Report and Recommendation, the Court finds that Mr. Gallagher has demonstrated a likelihood of success on the merits of his § 1983 claim that justifies appointment of counsel.

Gallagher pleaded facts showing that he has an inadequate ability to articulate his legal claims and develop the factual bases of his claims moving forward. In particular, he stated that he "has only a high school education and has no legal education." Dkt. 32. This case involves several years of medical and administrative records. Preparing for trial will likely require Mr. Gallagher, who may be hampered in his ability to represent himself because he is having health problems that include the hernia condition and he has made allegations that there are times when he is in extreme pain, to retain medical experts and prepare to question experts for the

defendants. And the case will require him to prove the defendants' state of mind: that they knew of and disregarded an excessive risk to his health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). For these reasons, the Court finds that Mr. Gallagher is unable "to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331.

Accordingly, plaintiff's motion for appointment of counsel is **GRANTED.** The Court appoints **Jesse Froehling, Attorney at Law, 122 Stewart Ave., Puyallup, WA 98372** to serve as counsel for Mr. Gallagher. The Clerk shall send a copy of this Order to plaintiff and Mr. Froehling.

Dated this 12th day of July, 2017.


Theresa L. Fricke
United States Magistrate Judge