1   HONORABLE RONALD B. LEIGHTON

 UNITED STATES DISTRICT COURT
 WESTERN DISTRICT OF WASHINGTON
 AT TACOMA

| DOUGLAS E GALLAGHER, | CASE NO. C16-5088-RBL-TLF |
|---|---|
| Plaintiff, | ORDER ON OBJECTIONS |
| v. | |
| DEPARTMENT OF CORRECTIONS, et al. | DKT. #67 |
| Defendants. | |

THIS MATTER is before the Court on Defendants' Objections [Dkt. #67] to Magistrate Judge Theresa Fricke's Report and Recommendation [Dkt. #64] on the Parties' Cross-Motions for Summary Judgment [Dkt. ##40, 44] and on Plaintiff Gallagher's Motion for a Preliminary Injunction [Dkt. #51]. Gallagher is serving a life sentence, without the possibility of parole, at Clallam Bay Corrections Center. For years, he has complained of an umbilical hernia, which has steadily grown in size and caused him increasing pain. The defendants elected to observe Gallagher and to delay surgery until his hernia became intractable. When Gallagher developed an inguinal hernia too, Defendant Department of Corrections permitted him to have it surgically removed but refused to authorize a dual surgery. Gallagher continues to suffer from his umbilical hernia.

He sued Washington State, its DOC, and nine current or former DOC employees for failing to repair his umbilical hernia, which he alleges continues to cause him pain daily. He claims the defendants failed to accommodate his pain in violation of the Americans with Disabilities Act,[1] acted with deliberate indifference to his pain and health risks in violation of his Eighth Amendment rights,[2] and inflicted cruel punishment on him in violation of Washington's Constitution.[3]

Judge Fricke considered the parties' cross-motions for summary judgment. She recommends dismissing Gallagher's ADA claim because he provided no evidence he suffers from a disability. She recommends dismissing his deliberate indifference claim against Bovenkamp, Henry, Holthe, Johnson, and Pacholke because in their roles as supervisors, they did not adversely interfere with Gallagher's treatment. She also recommends dismissing Gallagher's state law claim because alleged violations of Washington's Constitution are not independently actionable torts.

Judge Fricke encourages the Court to enter an order for a preliminary injunction requiring the defendants to present Gallagher for evaluation by a qualified and independent, outside medical doctor. She recommends the doctor evaluate (1) whether Gallagher has an imminent need for surgery on his umbilical hernia, and if so, when that surgery should be scheduled, (2) how to address Gallagher's pain and discomfort during litigation, (3) whether the other medical ailments Gallagher has developed are associated with inadequate treatment of his hernia,

---

[1] Gallagher asserts his ADA claim against all defendants: Washington State, DOC, Bovenkamp, Fetroe, Hammond, Haynes, Henry, Holthe, Johnson, Kroha, and Pacholke.

[2] Gallagher sues Bovenkamp, Fetroe, Hammond, Haynes, Henry, Holthe, Johnson, and Kroha for violating his eighth amendment rights under 42 U.S.C. § 1983.

[3] He also sues Bovenkamp, Fetroe, Hammond, Haynes, Henry, Holthe, Johnson, and Kroha under state law.

and (4) whether those ailments are so serious they should be treated during litigation, and if so, how and when.

The defendants object to Judge Fricke's R&R. They argue Gallagher's Eighth Amendment claim should be dismissed because he cannot establish they acted with deliberate indifference in failing to treat him, only that he would have preferred another course of treatment to their chosen and medically-acceptable one. They argue they are entitled to qualified immunity because *Hamby v. Hammond*, 821 F.3d 1085 (9th Cir. 2016), endorsed "watchful waiting" when one suffers from an umbilical hernia. Defendants also argue Gallagher's supervisory liability claim against Hammond should be dismissed because he reviewed Gallagher's grievances to ensure they were adequately investigated procedurally, not medically. Finally, they argue a preliminary injunction is improper because, they contend, Gallagher is unlikely to succeed on the merits and fails to show he will suffer irreparable harm.

First, the Court agrees with Judge Fricke that the defendants do not have qualified immunity on his Eighth Amendment claim. The evidence establishes that in the light most favorable to Gallagher, (1) the defendants acted with deliberate indifference to his need for medical treatment by ignoring his repeated complaints that his umbilical hernia was (and is) causing him pain and disrupting his daily functioning and by egregiously operating on one hernia but not the other, and (2) it was clearly established that observing a hernia's growth, without more, violates one's right to be free from cruel and unusual punishment.[4] The Court adopts Judge Fricke's analysis.

---

[4] As Judge Fricke noted, the State and its DOC waived their defense of immunity under the Eleventh Amendment by removing this case from state court. *See Embury v. King*, 361 F.3d 562, 565–66 (9th Cir. 2004) (citing *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 122 S. Ct. 1640 (2002)).

1    Second, the Court agrees Gallagher's claim against Hammond should not be dismissed. He could be liable in his individual capacity because, in the light most favorable to Gallagher, Hammond knew of Gallagher's grievances and could have alleviated them. The Court adopts Judge Fricke's analysis here as well.

Third, the Court disagrees that a preliminary injunction requiring it to commission and monitor Gallagher's medical treatment is narrowly tailored or warranted at this time. He now has counsel capable of assisting him in obtaining an expert who can evaluate his medical needs.

## CONCLUSION

Defendants' Objections [Dkt. #67] are DENIED. Judge Fricke's R&R [Dkt. #64] is ADOPTED IN PART:

Defendants' Motion for Summary Judgment [Dkt. #44] is GRANTED IN PART AND DENIED IN PART. Gallagher's ADA claim is DISMISSED, as is his deliberate indifference claim against Bovenkamp, Henry, Holthe, Johnson, and Pacholke.

Gallagher's Motion for Summary Judgment [Dkt. #40] is DENIED. His Motion for a Preliminary Injunction [Dkt. #51] is DENIED without prejudice.

Dated this 11th day of September, 2017.

Ronald B. Leighton
United States District Judge