# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

DOUGLAS E. GALLAGHER,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS,

    Defendants.

Case No. C16-5088 RBL-TLF

ORDER DENYING MOTION FOR RELIEF FROM DISPOSITIVE MOTION DEADLINE, DKT. 100

Before the Court is defendants' motion for relief from the dispositive-motion deadline, Dkt. 100. The deadline for dispositive motions was August 2, 2018. The Court will deny defendants' motion for relief from that deadline.

Plaintiff filed a complaint in state court on December 31, 2015. Dkt. 1-2. The case was removed to this Court on February 5, 2016. Dkt. 1.

On December 11, 2017, the scheduling order was amended, setting the discovery deadline for June 1, 2018, and the dispositive motions deadline for July 9, 2018. Dkt. 78. Plaintiff disclosed his expert witnesses on April 12, 2018, including James Flowers, M.D., Dkt. 80. In May 2018, defendants asked to depose Dr. Flowers and learned that he would not be available for a deposition until September 2018 at the earliest. Dkt. 101. The discovery deadline passed on June 1. See Dkt. 78.

On June 28, 2018, the dispositive motions deadline was extended to August 2, 2018. Dkt. 86. On August 2, plaintiff moved for partial summary judgment. Dkt. 95. Plaintiff states that on

ORDER DENYING MOTION FOR RELIEF FROM
DISPOSITIVE MOTION DEADLINE, DKT. 100 - 1

August 17, 2018, defendants informed plaintiff that they intended to move for relief from the discovery deadline because they had not yet deposed Dr. Flowers, and that plaintiff agreed he would stipulate to such a motion. Dkt. 108, p. 2; *see* Dkt. 101, p. 2 (stating that plaintiff stipulated continuing plaintiff's summary-judgment motion so defendant could depose Dr. Flowers).

On August 31, 2018, defendants informed plaintiff they intended to move to extend the dispositive motion deadline. Dkt. 109. On September 7, 2018, they filed that motion. Dkt. 100. Plaintiff opposes it. Dkt. 108.

This Court has inherent authority to manage its docket. *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc).

Federal Rule 6(b)(1)(B) provides that "[w]hen an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

To determine whether neglect is excusable, the Court balances four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Taken together, these factors indicate that defendants' failure to file a motion for summary judgment or move for an extension by the August 2, 2018, deadline was not due to excusable neglect.

Plaintiff concedes that defendants acted in good faith in filing their motion. Dkt. 108.

Defendants assert as the reason for their delay that they have not deposed Dr. Flowers, and that once they do so they may find grounds to move for summary judgment. They point out that this could obviate the need for a trial. Defendants' need to depose Dr. Flowers is clear. But they do not explain why they could not have moved for an extension to the dispositive-motion deadline at any point between May 2018—when they learned that they would not be able to depose Dr. Flowers until September 2018—and the August 2, 2018, deadline. The reason for delay thus weighs in favor of denying the motion.

The factors of delay and prejudice also favor denial. Granting the motion will likely prolong the pretrial stage of this case for over two months while the parties submit additional briefing. Defendants contend that there is no prejudice to plaintiff from extending the dispositive-motion deadline because no trial date has been set. But given that plaintiff filed his complaint well over two years ago, plaintiff is correct that at this stage further significant delays, without good reason, are themselves prejudicial to plaintiff.

Accordingly, defendants' motion for relief from the dispositive motion deadline, Dkt. 100, is DENIED.

Dated this 1st day of October, 2018.

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING MOTION FOR RELIEF FROM
DISPOSITIVE MOTION DEADLINE, DKT. 100 - 3