HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOUGLAS E GALLAGHER,

        Plaintiff,

v.

WASHINGTON STATE
DEPARTMENT OF CORRECTIONS,
et al.,

        Defendants.

CASE NO. C16-5088RBL

ORDER ON MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Defendants' Motion for Reconsideration [Dkt. # 132] of the Court's Order [Dkt. # 131] regarding Gallagher's Motion to Exclude [Dkt. # 84]. Gallagher asked the Court to exclude the expert testimony of Gallagher's treating medical providers[1], who are also defendants, because they did not prepare expert reports under Fed. R. Civ. P. 26(a)(2)(B). Gallagher specifically objected to the defendant treaters opining that the care each provided to him was medically appropriate and consistent with the Offender Health Plan

---

[1] The expert opinion testimony of three such treating defendants is at issue: Doctors Fetroe and Johnson and ARNP Kroha. PA-C Peterson treated Gallagher but is not a defendant. Defendants have agreed not to call Dr. Aurich as an expert. It is unclear whether each physician proposes to opine only that he or she personally was not deliberately indifferent, or whether each intends to opine that *none* of them were deliberately indifferent.

and with the Eighth Amendment; i.e. that each was not deliberately indifferent to Gallagher's serious medical needs. The Court disagreed with the Magistrate Judge on that point[2] and its Order was intended to preclude such testimony.

The Defendants seek reconsideration or clarification. They argue[3] that the Rules do not require a treating physician to provide an expert report, that no cases so hold, and that requiring a report from a party would jeopardize (under Rule 26(b)(4)) a defendant treating doctor's attorney-client privilege.

The parties seem to agree that a treating physician is *only* exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment. *Goodman v. Staples the Superstore LLC*, 644 F.3d 817, 826 (9th Cir. 2011) (emphasis added). Goodman involved treating physicians the plaintiff later retained to provide expert testimony; they were not defendants. Because they formed some of their opinions after the treatment, they were required to produce a report.

The defendants' argument pre-supposes that their proffered opinions were formed during their treatment of Gallagher. But Gallagher argues, persuasively, that none of his medical records reflect any legal conclusion; it would indeed be unusual for a treating physician to form an opinion about the constitutionality of his conduct unless and until his incarcerated patient

---

[2] The Order adopted in part and declined to adopt in part the Magistrate Judge's Report and Recommendation on several topics. [Dkt. # 127]. The other parts of the Order are not at issue.

[3] Defendants also argue that Gallagher's motion was limited to the summary judgment context, and that even granting the motion to strike would not preclude that testimony at trial. The Magistrate's Recommendation was so limited, but it recognized that this Court would ultimately address the opinions' admissibility. [Dkt # 127 at 7]. Gallagher effectively argues that is a distinction without a meaningful difference, and the context of the underlying briefing suggests that Gallagher's argument was not so limited. In any event, the admissibility of the treating physicians' opinions about their compliance with the Eight Amendment has now been sufficiently raised and thoroughly briefed.

claimed that that his care was constitutionally deficient. As the Magistrate Judge accurately articulated, the treater's opinions typically involve examination, diagnosis, treatment, prognosis, and, sometimes, causation. *See* Dkt. # 127 at 10, *citing Piper v. Harnschfeger*, 170 F.R.D. 173 (D. Nev. 1997). But where the expert's opinions exceed the ordinary care of the patient, they go beyond the scope of a treating physicians testimony, and the exception does not apply. *Goodman* at 819 (a report is required "when a treating physician morphs into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony."). This reasoning applies with equal force when the treating expert was not *hired* to give the opinion, but is instead a defendant with an even bigger stake in giving it.

The treating defendants are free to testify about their treatment and the opinions the formed during its course. They are simply precluded form opining about things—the constitutionality of their conduct being the major one—that they did not develop during the course of that treatment.

This conclusion is bolstered by the fact that the opinion concerns the ultimate question for the jury: did Gallagher's medical treatment violate the Eight Amendment? Fed. R. Ev. 704 somewhat unhelpfully provides that an opinion on an ultimate issue is not *automatically* objectionable, which is not to say that it is necessarily admissible. In any event, it has long been this Court's practice to preclude an expert in, for example, an excessive force case from opining that the defendant officer's conduct was (or was not) a violation of the Fourth Amendment.

//

//

//

1    The Motion for Reconsideration is DENIED. If and to the extent this Order Clarifies the
2    Court's prior ruling and its reasoning, the Motion to Clarify is Granted.
3    IT IS SO ORDERED.
4    Dated this 11th day of July, 2019.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge

ORDER ON MOTION FOR RECONSIDERATION
- 4